IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEPHANIE S.K.C. TOYAMA, | ) | |
| | ) | Civ. No. 08-00198 ACK-KSC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, officially | ) | |
| as Secretary of the Department | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER STAYING PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S
APPEAL WITH THE COURT OF APPEALS FOR THE NINTH CIRCUIT

BACKGROUND

I.   Legal Background

        This matter is a mixed case appeal from a decision of
the Merit Systems Protection Board ("MSPB").  The MSPB was
created by Congress under the Civil Service Reform Act, 5 U.S.C.
§ 1201 et. seq., as a quasi-judicial government agency with the
specific task of adjudicating appeals of agency personnel actions
for federal employees.  5 C.F.R. § 1200.1.

        Generally, the appellate jurisdiction of the MSPB is
limited to the review of "'adverse employment actions,' which
fall into one of five categories: a removal, a suspension for
more than 14 days, a reduction in grade, a reduction in pay, or a
furlough of 30 days or less." Sloan v. West, 140 F.3d 1255, 1259

(9th Cir. 1998); accord 5 U.S.C. § 7512(1)-(5).  The MSPB,

however, also has jurisdiction to hear certain discrimination

claims, so long as the discrimination is alleged to be the basis

for one of the listed adverse employment actions.  5 U.S.C. §

7702(a)(1)(B).[1/]  Such cases are known as mixed case appeals.  "A

'mixed case appeal' is a case determined by the Board to be

within its jurisdiction; namely, a case which presents an

---

[1/] Section 7702 delineates the specific discrimination
claims that the MSPB has jurisdiction to hear:

(a)(1) Notwithstanding any other provision of law, and
except as provided in paragraph (2) of this subsection,
in the case of any employee or applicant for employment
who–

(A) has been affected by an action which the
employee or applicant may appeal to the Merit
Systems Protection Board, and
(B) alleges that a basis for the action was
discrimination prohibited by--
(i) section 717 of the Civil Rights Act of
1964 (42 U.S.C. 2000e-16),
(ii) section 6(d) of the Fair Labor Standards
Act of 1938 (29 U.S.C. 206(d)),
(iii) section 501 of the Rehabilitation Act of
1973 (29 U.S.C. 791),
(iv) sections 12 and 15 of the Age
Discrimination in Employment Act of 1967 (29
U.S.C. 631, 633a), or
(v) any rule, regulation, or policy directive
prescribed under any provision of law
described in clauses (i) through (iv) of this
subparagraph,

the Board shall, within 120 days of the filing of the
appeal, decide both the issue of discrimination and the
appealable action in accordance with the Board's
appellate procedures under section 7701 of this title and
this section.

appealable non-discrimination claim coupled with a discrimination claim." Sloan, 140 F.3d at 1259.  In other words, mixed case appeals are claims alleging "that an appealable agency action [(i.e., an adverse employment action that is normally appealable to the MSPB)] was effected, in whole or in part, because of discrimination on the basis of color, religion, sex, national origin, handicap, or age."  29 C.F.R. § 1614.302(a)(2).  A mixed case appeal, therefore, involves one of the enumerated adverse employment actions, coupled together with a discrimination claim under one of the specified statutory provisions.

Initially, both the Equal Employment Opportunity Commission ("EEOC") and the MSPB have administrative jurisdiction in a mixed case situation.  That is, following the agency decision, an aggrieved employee may file a complaint with the Equal Employment Opportunity ("EEO") Counselor or file an appeal with the MSPB; but the employee must choose one of these methods and may not employ both.  29 C.F.R. § 1614.302(b).  If an employee chooses to take the EEOC route, the decision of the EEOC administrative judge may then be appealed to the MSPB.  The decision of the MSPB in both a mixed case and a non-mixed case is further appealable for review in federal court.  See 5 C.F.R. § 1201.157.

A federal district court's jurisdiction over an appeal of an MSPB decision depends on whether the MSPB decision involves

a mixed case.  <u>See</u> 5 C.F.R. § 1201.120.  District courts do not
have jurisdiction to review MSPB decisions in cases that are not
mixed; that is, district courts may not hear MSPB appeals in
cases without a discrimination claim.  In such non-mixed cases,
the MSPB decision must be appealed to the Court of Appeals for
the Federal Circuit.  5 U.S.C. § 7703(b)(1).  A district court
may review, however, a decision of the MSPB in a mixed case
appeal.  <u>Romain v. Shear</u>, 799 F.2d 1416, 1421 (9th Cir. 1986);
<u>see</u> <u>Washington v. Garrett</u>, 10 F.3d 1421, 1428 (9th Cir. 1993)
("While only the Court of Appeals for the Federal Circuit can
review MSPB decision in cases that do not entail discrimination
claims, if a case is a mixed one, judicial review must be sought
in district court under the applicable discrimination statute.").

**II.  Procedural Background**

Plaintiff Stephanie S.K.C. Toyama ("Plaintiff") worked
in Honolulu as a federal employee for the Centers for Disease
Control and Prevention from 1998 until she was terminated in
2002.  Following her termination on December 6, 2002, Plaintiff
filed an EEO Complaint with the Department of Health and Human
Services ("HHS"), alleging that discrimination based on race,
physical disability, national origin, and religion motivated the
agency's adverse action.

On May 29, 2003, the EEO office of the HHS issued a
final decision, finding no discrimination or wrongful personnel

action by the HHS.  Plaintiff timely appealed this decision to the MSPB.  However, the MSPB subsequently dismissed the appeal without prejudice, at Plaintiff's request, so that Plaintiff could pursue her mixed case before the EEOC instead.

On February 4, 2004, the EEOC administrative judge also found no HHS discrimination against Plaintiff.  On March 15, 2004, HHS adopted the EEOC administrative judge's decision, and issued a final agency decision to that effect.  The final agency decision, however, incorrectly instructed Plaintiff that she could appeal either to the EEOC's Office of Federal Operations or file a complaint in federal district court; in fact, the correct options were either to appeal to the MSPB (not the EEOC) or to file a complaint in federal district court.  See 29 C.F.R. § 1614.302(d)(3).  Relying on the final agency decision instructions, Plaintiff appealed to the EEOC Office of Federal Operations, which affirmed the finding of no discrimination on October 13, 2005.  However, realizing that in fact she should have appealed to the MSPB, Plaintiff then filed an appeal with the MSPB, but the appeal was dismissed as untimely.  Plaintiff appealed this dismissal to the Court of Appeals for the Federal Circuit.

While the appeal to the Federal Circuit was pending, Plaintiff filed a complaint in this Court on January 11, 2006, alleging discrimination based on disability under the

Rehabilitation Act, 29 U.S.C. § 791.  On March 13, 2007, the Federal Circuit reversed the MSPB's dismissal of Plaintiff's appeal, holding that Plaintiff was justified in filing the appeal late, as she was instructed by the final agency decision to appeal to the EEOC's Office of Federal Operations, and not directly to the MSPB.  Toyama v. Merit Sys. Prot. Bd., 481 F.3d 1361 (Fed. Cir. 2007).

Now able to pursue her appeal with the MSPB, Plaintiff moved this Court to vacate the scheduling dates for her civil complaint pending the outcome of her appeal with the MSPB.  On July 26, 2007, Magistrate Judge Leslie E. Kobayashi issued an order granting Plaintiff's motion, and also finding and recommending to Chief District Court Judge Helen Gillmor that Plaintiff's complaint be dismissed without prejudice because the district court lacked jurisdiction until Plaintiff exhausted her administrative remedies.  Toyama v. Leavitt, Civ. No. 06-00023, 2007 WL 3087199 (D. Haw. July 26, 2007).  Plaintiff objected to the findings and recommendations, arguing instead that the Court should only stay (rather than dismiss) proceedings until Plaintiff exhausted remedies with the MSPB.  On October 23, 2007, Judge Gillmor adopted Judge Kobayashi's findings and recommendations, holding that the district court had no jurisdiction over Plaintiff's claims until she had exhausted her administrative remedies.  Toyama v. Leavitt, Civ. No. 06-00023,

2007 WL 3087195 (D. Haw. Oct. 23, 2007).  Plaintiff appealed this dismissal to the Court of Appeals for the Ninth Circuit, and that appeal is still pending.[2/]

On December 18, 2007, the MSPB administrative judge issued a decision affirming and finding no discrimination by HHS ("MSPB decision").  On April 14, 2008, the MSPB denied Plaintiff's petition for review, thus making the administrative judge's decision the final decision of the MSPB.

On May 1, 2008, Plaintiff filed a new complaint in this Court ("Complaint") against Michael Leavitt in his official capacity as Secretary of the Department of Health and Human Services ("Defendant").  The Complaint appealed the MSPB decision, alleging that the MSPB decision was "arbitrary, capricious, and contrary to law."  Complaint ¶ 23.  Plaintiff also renewed her claims of discrimination under the Rehabilitation Act, demanding de novo review of these claims. Id. ¶ 24.  Plaintiff filed her Opening Brief on October 7, 2008 ("Opening Brief"), accompanied by a Statement of Facts and Issues ("SOF").  On December 5, 2008, Defendant filed its Answering Brief on Non-Discrimination Claims Arising from Merit Systems

_____

[2/] At the hearing, Defendant represented that briefing before the Ninth Circuit is completed, but argument has not yet been set.

Protection Board Determination.[3/]   On December 9, 2008, Defendant

submitted the Merit System Protection Board's Administrative

Record of Proceedings.   On December 29, 2008, Plaintiff filed a

Reply Brief ("Reply Brief").[4/]

A hearing was held on January 13, 2009.   Plaintiff

appeared pro se on her own behalf.

### DISCUSSION

Plaintiff argues that this Court should stay the

instant proceedings until the Ninth Circuit rules on the appeal

of the earlier dismissal.   Plaintiff seems to believe that her

discrimination and non-discrimination claims have been bifurcated

by Judge Gillmor's earlier dismissal of her complaint now on

appeal.   Defendant counters that Plaintiff need only withdraw her

appeal in order for this Court to proceed with both Plaintiff's

discrimination and non-discrimination claims.   Therefore, it is

necessary to determine: (1) whether Plaintiff's discrimination

---

[3/] The Answering Brief only responds to Plaintiff's non-discrimination claims because Plaintiff is entitled to a trial de novo on her discrimination claims.   Thus, a ruling on the administrative record alone can only be with regard to the non-discrimination claims.   See 5 U.S.C. § 7703(c).   Defendant's more-recently-filed Motion for Summary Judgment would allow this Court to review Plaintiff's discrimination claims.   However, given the Court's order to stay proceedings, such a review will not occur at this time.

[4/] On January 12, 2009, Defendant also filed a Motion for Summary Judgment as to Plaintiff's discrimination claims.

8

claims are before this Court; and (2) if the instant proceeding should be stayed pending Plaintiff's appeal.

## I.   Plaintiff's Discrimination Claims are Before this Court as Part of Plaintiff's Mixed Case Appeal from the MSPB.

Plaintiff contends that this Court must "stay and abey" any adjudication until the Ninth Circuit makes a determination as to her earlier dismissal.  Plaintiff is concerned that the prior dismissed proceeding effectively bifurcated her discrimination claims from her non-discrimination claims.  Thus, Plaintiff is concerned that she will no longer be able to raise her Rehabilitation Act claim if the Ninth Circuit affirms the earlier dismissal.[5]  Opening Brief at 3 n.5.

---

[5] Plaintiff is effectively arguing that no mixed case exists (and thus this Court cannot proceed as a matter of jurisdiction) under the current procedural posture of the instant case.  Plaintiff contends that her discrimination claims can only be addressed in the prior civil complaint that was dismissed. The Plaintiff is correct that this Court does not have jurisdiction over the previously dismissed case (of her discrimination claims) now pending with the Ninth Circuit. However, Plaintiff's discrimination claims are also before this Court as part of her mixed case appeal from the MSPB.  Thus, the Court does have jurisdiction over Plaintiff's discrimination claims as much as they are a part of her mixed case appeal.

At the hearing, Plaintiff also expressed concern that the statute of limitations would preclude Plaintiff from filing her discrimination claims again.  However, Plaintiff does not need to refile her discrimination claims because those claims are already before this Court as part of Plaintiff's MSPB appeal.  Further, Defendant represented that it is not asserting a statute of limitations argument in the instant case.  Thus, except for the appeal pending with the Ninth Circuit, there would appear to be no reason why Plaintiff could not go forward with her discrimination claims in the instant proceedings.

Plaintiff's discriminations claims and non-discrimination claims have not been bifurcated.  The MSPB decision on appeal before this Court clearly addressed both Plaintiff's non-discrimination and discrimination claims.  MSPB Decision at 11-12.  In fact, it was the Plaintiff who requested that the MSPB hear both her non-discrimination and discrimination claims following the earlier dismissal in this Court.  <u>Id.</u> ("The appellant then moved to have the appellant's Rehabilitation Act claim as an affirmative defense in the appeal and I granted the motion.").  Further, a significant portion of the MSPB hearing was dedicated to investigating Plaintiff's discrimination claims, claims that the administrative judge ultimately found to be without merit.  <u>See</u> MSPB Decision at 18-22.

Moreover, bifurcation of the discrimination claims and non-discrimination claims in a mixed case is improper.  In mixed cases, "the district court should address both claims, rather than just the discrimination claims, because the policy underlying the statute disfavors bifurcation." <u>Sloan v. West</u>, 8 F. Supp. 2d 1207, 1211 (D. Haw. 1996); <u>see</u> <u>Williams v. Dep't of Army</u>, 715 F.2d 1485, 1489 (Fed. Cir. 1983) ("Every court of appeals considering the issue of appropriate disposition of mixed cases has concluded that, in the light of this language and legislative history, and of the policies involved as well, <u>such cases must be treated as a unit</u> and must go first to the district

courts. (quoting <u>Hayes v. U.S. Government Printing Office</u>, 684 F.2d 137, 140-41 (D.C. Cir. 1982) (emphasis added))); <u>Lee v. Sullivan</u>, 787 F. Supp. 921, 927 (N.D. Cal. 1992) (observing that "[mixed case] appeals cannot be bifurcated").

Even within the same mixed case before an agency or court, all claims should be ruled on at the same time in the same proceeding whenever possible.[6/]  "[T]he various statutory provisions of the [CSRA] and its legislative history indicate a clear Congressional preference for combining various aspects of a single agency determination under one review proceeding, both in the administrative and judicial channels." <u>Williams</u>, 715 F.2d 1485, 1489 (quoting <u>Christo v. MSPB</u>, 667 F.2d 882, 883 (10th Cir. 1981)); <u>see</u> <u>Tolliver v. Deniro</u>, 790 F.2d 1394, 1396 (9th Cir. 1986) (adopting the Federal Circuit approach in <u>Williams</u> that bifurcation is improper in mixed cases).

Plaintiff further contends that the discrimination claims within the MSPB appeal are different from the discrimination claims in the dismissed civil case.  Under

---

[6/] Generally, in mixed case appeals to the district court, the MSPB appeal is accompanied by a dispositive motion so that the district court may review and rule on the discrimination and non-discrimination claims together.  <u>See, e.g.</u>, <u>Niimi-Montalbo v. White</u>, 243 F. Supp. 2d 1109 (D. Haw. 2003) (MSPB Appeal together with a Motion to Dismiss, or in the alternative, Summary Judgment); <u>Ramirez v. Nicholson</u>, Civ. No. 06-0546, 2007 WL 4208293 (S.D. Cal. Nov. 27, 2007) (MSPB Appeal and a Motion for Summary Judgment); <u>Highlen v. Johanns</u>, Civ. No. 06-0957, 2007 WL 2207777 (S.D. Cal. July 27, 2007) (MSPB Appeal and Counter Motions for Summary Judgment).

Plaintiff's interpretation, any discrimination claim as part of the MSPB appeal is only a claim under the Civil Service Reform Act ("CSRA") and not the same as her actual discrimination claim under the Rehabilitation Act (that was previously dismissed and is currently pending on appeal).  However, there is no claim of discrimination that can be brought solely under the CSRA.  The CSRA simply enumerates the type of discrimination claims (brought under other statutory provisions) that may be attached to general claims of prohibited personnel practices brought under CSRA.  See 5 U.S.C. § 2302(b)(1) (prohibiting personnel actions to be taken on the basis of discrimination prohibited by other enumerated statutory provisions, including the Rehabilitation Act); 5 U.S.C. § 7702(a)(1)(B) (listing the specific types of discrimination claims under various discrimination statutes that may be brought together with adverse personnel actions under CSRA).  Thus, there is no CSRA claim for discrimination without incorporating a claim of discrimination under some other provision (e.g., the Rehabilitation Act).  The Court finds, therefore, that Plaintiff's disability discrimination claims asserted in her MSPB appeal are the same discrimination claims she asserted under the Rehabilitation Act in the prior case.

Because Plaintiff has raised her disability discrimination claims both before the MSPB and again before this Court in her complaint, the Court finds that such claims are

before this Court in this proceeding.  Accordingly, this Court has jurisdiction because Plaintiff's case is a properly appealed mixed case from the MSPB to this District Court; however, because of the pending appeal on the earlier dismissal, it is not prudent for this Court to proceed in any adjudication of the mixed case at this time.

## II.  A Stay of the Instant Case is Prudent Pending the Ninth Circuit's Resolution of Plaintiff's Appeal.

This Court has broad discretion to control its docket and may stay proceedings where the Court deems it necessary for proper adjudication.  See Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  A stay may be particularly appropriate where, as here, another independent proceeding is still pending resolution:

> [A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Mediterranean Enters., 708 F.2d at 1465; see Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." (emphasis added)).

Even though Plaintiff may ultimately go forward with her discrimination claims in the instant matter, it is prudent at this time to stay any adjudication in this Court while Plaintiff's appeal is still pending with the Ninth Circuit.  The general rule once an appeal is filed in a case is the following: "The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal."  Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983).  Although the Court has not lost jurisdiction in this instance (because Plaintiff is technically appealing a dismissal in a separate matter), it is still prudent for this Court to withhold any ruling until the Ninth Circuit addresses that appeal.  The Court notes that the Ninth Circuit's disposition of the appeal could affect the course of adjudication in the instant matter.  Further, Plaintiff's appeal was filed before the instant

14

action was filed with this Court.[7/]   Therefore, the Court finds

it prudent, as a matter of discretion, to give the Ninth Circuit

the opportunity to rule first.[8/]   Accordingly, although this

Court has jurisdiction over Plaintiff's MSPB appeal (including

her discrimination claims), the Court stays the instant

proceedings to allow the Ninth Circuit to proceed.

 Plaintiff correctly points to authority that this Court

may specifically stay the MSPB appeal for a reasonable amount of

time when it is necessary to properly adjudicate such appeal:

> While the district court has jurisdiction over such a
> claim [(an MSPB decision properly appealed to the
> district court)], and cannot dismiss it as untimely for
> failure to exhaust administrative remedies, we see no
> reason why the district court cannot stay the case, or
> hold it in abeyance, for a reasonable period of time.

Butler v. West, 164 F.3d 634, 643 (D.C. Cir. 1999).   The Court

finds this language, along with the facts of Butler,[9/] to be

---

[7/] Plaintiff filed her appeal on March 6, 2008.   The
complaint in the instant action was not filed until May 1, 2008.

[8/] The Court finds it instructive that the Courts of Appeals
are given priority over the district courts where there is a
question as to which court has jurisdiction.   See, Nuclear Info.
& Res. Serv. v. U.S. Dep't of Transp. Research & Special
Programs, 457 F.3d 956, 960 (9th Cir. 2006) ("If there is any
ambiguity as to whether jurisdiction lies with a district court
or with a court of appeals, we must resolve that ambiguity in
favor of review by a court of appeals." (quoting Suburban O'Hare
Comm'n v. Dole, 787 F.2d 186, 192 (7th Cir. 1986))).   Although
the Court finds that it still has jurisdiction in the instant
matter, the same deference to the Court of Appeals is still
appropriate.

[9/] The Court notes that the holding in Butler is not
contrary to Judge Gillmor's holding in dismissing Plaintiff's

instructive as to the Court's choice of action in the instant
case.  In Butler, the employee filed suit in district court after
the MSPB administrative judge issued its initial decision, but
before such decision became a final decision, i.e., before the
MSPB could review the initial decision and issue its final
decision.  Id. at 636-37.  The government moved for dismissal,
arguing that the civil suit was untimely.  Id. at 637.  The
district court granted the motion, finding that it lacked
jurisdiction to hear the case when filed because a final decision
had not yet been issued.  Id.  On appeal, the Court of Appeals
for the D.C. Circuit held that, even though the MSPB did not lose
jurisdiction until it issued a final decision, the statutory and
regulatory framework of CSRA, under the given facts, also gave
jurisdiction to the district court simultaneously.  Id. at 641-
42.  The Court of Appeals held, therefore, that the district

---

earlier action.  In Butler, the CSRA specifically provided that
an aggrieved party could appeal an MSPB administrative judge's
decision, even if it was not yet a final decision adopted by the
entire MSPB, to the appropriate district court.  164 F.3d at 641-
42.  At the same time, the MSPB retained jurisdiction over the
case until the administrative judge's decision was reviewed and
the MSPB issued its final decision.  Id. at 642.  Thus, the
Butler court held that, in that specific situation, both the MSPB
and the district court had jurisdiction, and that it was
appropriate for the district court to stay proceedings pending a
final decision by the MSPB.  Id.  Plaintiff's original complaint
with Judge Gillmor, however, was filed before Plaintiff had even
brought her case before the MSPB administrative judge.  Toyama v.
Leavitt, Civ. No. 06-00023, 2007 WL 3087195, at *3 (D. Haw. Oct.
23, 2007).

court could stay the proceeding until the MSPB could conclude its adjudication of the mixed claim.[10/]  Id. at 643.

Unlike the facts in Butler, the CSRA did not confer jurisdiction upon this District Court at the time Plaintiff filed her first civil suit.  See Toyama v. Leavitt, Civ. No. 06-00023, 2007 WL 3087195 (D. Haw. Oct. 23, 2007).  However, Plaintiff has since exhausted her administrative remedies, thus eliminating the reason she was precluded from pursuing her initial discrimination claim in this Court.  The Ninth Circuit may, therefore, permit Plaintiff to pursue her original claim because the sole reason for dismissal no longer exists.  Further, the disfavoring of bifurcation in mixed cases behooves this Court to cease any adjudication of Plaintiff's MSPB appeal while her Rehabilitation Act claim could still be pursued in a separate civil action if the Ninth Circuit so orders.[11/]

Accordingly, although the Court retains jurisdiction over Plaintiff's MSPB appeal, the Court stays the instant proceedings pending the Ninth Circuit's decision or until Plaintiff withdraws her appeal.

---

[10/] The Court of Appeals in Butler was especially concerned with allowing the MSPB to make a final decision because of the MSPB's superior expertise, compared to the federal courts, in mixed case adjudication.  164 F.3d at 642.

[11/] The Court notes that neither party opposes a stay of the proceedings at this time; at the hearing, Defendant stated it was not opposed to a stay pending resolution of the appeal.

**CONCLUSION**

For the foregoing reasons, the Court stays this action pending resolution of Plaintiff's appeal with the Court of Appeals for the Ninth Circuit.  The Court finds that a stay is appropriate because Plaintiff's appeal pertains to an action filed in this Court prior to the instant action.  Such prior action, now pending on appeal, includes the same discrimination claims that are presently before this Court.  Accordingly, the Court finds it prudent to allow the Court of Appeals to proceed first in addressing Plaintiff's appeal.  The Court finds that a stay is appropriate to efficiently resolve the two matters filed in this District Court and that neither party opposes the order of a stay pending resolution of the appeal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 21, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Toyama v. Leavitt, Civ. No. 08-00198 ACK-KSC, Order to Stay Proceedings Pending Resolution of Plaintiff's Appeal with the Court of Appeals for the Ninth Circuit